UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TURIYAN M. GOLD,

Plaintiff,

v.	CASE No. 8:12-CV-2089-T-33TGW

PRIME MINISTER OF CANADA,
STEPHEN HARPER, et al.,

Defendants.

_____

## REPORT AND RECOMMENDATION

THIS CAUSE came on for consideration upon the pro se plaintiff's Motion for Leave to Proceed In Forma Pauperis and Affidavit of Indigency (Doc. 2) pursuant to 28 U.S.C. 1915 seeking a waiver of the filing fee for his complaint against the defendants.

Under 28 U.S.C. 1915(a)(1), the court may authorize the filing of a civil lawsuit without prepayment of fees if the affiant submits an affidavit that includes a statement of all assets showing an inability to pay the filing fee and a statement of the nature of the action which shows that he is entitled to redress. Even if the affiant proves indigency, the case shall be dismissed if

the action is frivolous or malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. 1915(e)(2)(B)(i), (ii).

Here, the plaintiff's complaint (Doc. 1) is a rambling and incoherent document. It seemingly attempts to connect the plaintiff's invalid airline ticket and power outages to "unethical business practices concerning ticket sales, the infrastructure issues of Canada, and the broad scope of the conspiracy to hide problems with the airline [Air Canada], the airports in which the airlines operate and the infrastructure issues of Canada as a whole which effected [sic] the function of its public and private enterprises" (id., pp. 1-2). The complaint does not, however, adequately specify any cognizable wrongdoing by the defendants. Thus, because there is not a short and plain statement showing that the plaintiff is entitled to some relief, the complaint patently fails to satisfy the requirements of Rule 8, Fed.R.Civ.P.

Consequently, the plaintiff's complaint is deficient and is subject to dismissal. §1915(e)(2)(B)(ii). Ordinarily, it is appropriate to afford the plaintiff an opportunity to file an amended complaint. See Troville v. Venz, 303 F.3d 1256, 1260 n.5 (11th Cir. 2002)(§1915(e)(2)(B)(ii) dismissal does not allow the district court to dismiss an in forma pauperis complaint without

allowing leave to amend as permitted under Rule 15, Fed.R.Civ.P.). In this case, however, all of the putative defendants are from Canada, and the alleged derelictions (whatever they are) took place in Canada. Consequently, there is no apparent basis for jurisdiction in this court. Thus, any attempt to file an acceptable complaint would be futile. I therefore recommend that the complaint be dismissed without prejudice, but without leave to amend, and that the case be closed.

                                      Respectfully submitted,

                                      THOMAS G. WILSON
                                      UNITED STATES MAGISTRATE JUDGE

DATED: OCTOBER 4, 2012

### NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal. 28 U.S.C. 636(b)(1).